UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY Y., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5050-MLP <br><br> ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical opinion evidence and discounting Plaintiff's allegations. (Dkt. # 11 at 2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1968 and has a GED, and at the time of the most recent administrative hearing was working part-time as an office manager, a job she had performed since 2002. AR at 196, 881-92.

ORDER - 1

1    In September 2017, Plaintiff applied for benefits, alleging disability as of August 1, 2017. AR at 166-71. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 97-99, 104-12. After the ALJ conducted a hearing in March 2019 (*id*. at 34-64), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-28.

The Appeals Council denied Plaintiff's request for review (AR at 1-6), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. *Id*. at 942-53.

A different ALJ held a hearing on remand (AR at 861-907), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 837-54. Plaintiff appealed the ALJ's decision to this Court. (Dkt. # 5.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

ORDER - 2

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Erred in Discounting Plaintiff's Allegations

The ALJ summarized Plaintiff's allegations and the medical record, and explained that he discounted the allegations because although the medical record shows that Plaintiff has various impairments and symptoms, her activities (personal care, water aerobics, preparing meals, working part-time, washing dishes, watering plants, reading, walking, caring for animals, light cleaning, driving, leaving her home alone, socializing at a Bible study, getting along with authority figures, going to the beach, going camping) show that she retains the ability to work. AR at 844-50. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that, to the extent that the ALJ summarized the medical record in the decision, the ALJ did not explain why that evidence contradicted Plaintiff's allegations or identify particular allegations that were rejected. (Dkt. # 11 at 4-5.) The Court agrees. The ALJ's summary of the medical evidence does not amount to a reason to discount Plaintiff's allegations because that section of the decision does not identify any inconsistencies, contradictions, or other rationale for discounting Plaintiff's allegations. AR at 845-49.

Although the Commissioner contends that the ALJ relied on evidence of improvement with treatment as a reason to discount Plaintiff's testimony (dkt. # 14 at 6), this line of reasoning

ORDER - 3

is not evident in the ALJ's decision. The Commissioner contends that Plaintiff's pain improved with physical therapy and that her gastrointestinal and mental conditions improved with treatment (*id*.), but this is not necessarily inconsistent with Plaintiff's allegations because she acknowledged some improvement with treatment. *See, e.g.*, AR at 46. Moreover, the ALJ explained that Plaintiff's conditions could nonetheless be expected to cause certain symptoms (*id*. at 849), and did not appear to find that Plaintiff improved to the point that she experienced no symptoms or limitations. Under these circumstances, evidence of improvement does not contradict Plaintiff's testimony and does not constitute a clear and convincing reason to discount her allegations.

      The ALJ's assessment of Plaintiff's allegations therefore rises or falls with the sufficiency of the ALJ's findings regarding Plaintiff's activities. Plaintiff argues that the ALJ failed to identify activities that are meaningfully inconsistent with her allegations and/or ignored the context in which she engaged in those activities, when suggesting that they indicated she retained greater functionality than alleged. (Dkt. # 11 at 9-11.) The ALJ explicitly contrasted Plaintiff's allegations with some of her activities (AR at 845) and then went on to list even more activities (*id*. at 849), but the Court agrees with Plaintiff that none of these activities is reasonably inconsistent with Plaintiff's allegations when considering the context of how she performed them. Plaintiff's current ability to work is, of course, relevant to the ALJ's disability determination, but the evidence related to her current work unequivocally indicates that she required accommodations to perform even eight hours of work per week. *See* AR at 280-81, 863-67, 885-92. The ALJ did not explain why Plaintiff's current work or any of her other activities either contradicted her allegations or demonstrated the existence of transferable work skills, and thus the ALJ erred in relying on Plaintiff's activities as a ground for discounting her testimony.

ORDER - 4

*See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). Although the Commissioner contends that Plaintiff's activities "[c]ollectively" indicate that she is not as limited as alleged (dkt. # 14 at 7), even the Commissioner's brief fails to identify any specific inconsistency between Plaintiff's activities and her allegations. The Court therefore finds reversible error in the ALJ's discounting of Plaintiff's testimony.

      **B.**      **The ALJ Erred in Discounting Medical Opinion Evidence**

Plaintiff contends that the ALJ erred in finding a treating nurse's opinion to be unpersuasive and in finding the State agency medical opinions to be persuasive. (Dkt. # 11 at 13-16.) The Court will address each disputed opinion in turn.

      1.      *Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

      2.      *Cyndi Desmond, ARNP*

Ms. Desmond, a treating provider, completed a form opinion in June 2018 listing Plaintiff's diagnoses and some of her symptoms, but she left many parts of the form blank and indicated that Plaintiff was "referred for FCE." AR at 780-83. The ALJ found this form opinion to be unpersuasive because Ms. Desmond did not cite any objective evidence to support the limitations described, and it was inconsistent with normal findings as to her head, eyes, neck, lungs, breathing, heart rate, abdomen, bowel sounds, musculoskeletal tenderness, cranial nerves,

ORDER - 5

skin, and neurological functioning. *Id*. at 850. The ALJ also found that the record did not document pain in all of the areas Ms. Desmond described, nor did it establish that Plaintiff would miss work more than four days per month and be off-task 25% of a workday. *Id*. The ALJ also noted that Ms. Desmond did not explain what she meant by "FCE." *Id*.

Plaintiff argues that the ALJ erred in finding that Ms. Desmond's form overstated her limitations because Ms. Desmond actually intended to simply document Plaintiff's reports and then defer opining as to Plaintiff's limitations, while referring her for a functional capacities evaluation. (Dkt. # 11 at 14.) Plaintiff argues that the "limited nature of Nurse Demond's opinion should have led to her opinion being found more persuasive." (*Id*.) This argument does not explain why Ms. Desmond's documentation of Plaintiff's reports constitutes a medical opinion either well-supported or consistent with the record, and thus does not show that the ALJ erred in assessing it under the applicable regulations.

Plaintiff also argues that the normal objective findings as to various areas of the body cited by the ALJ are not inconsistent with the pain, absenteeism, concentration problems, and stress tolerance deficits that Ms. Desmond described. (Dkt. # 11 at 15.) The Court agrees, and finds that the ALJ failed to point to evidence that is meaningfully inconsistent with Ms. Desmond's conclusions.

Next, Plaintiff argues that the ALJ erred in finding that Ms. Desmond did not cite any objective findings to support her conclusions because her treatment notes served as this support. (Dkt. # 11 at 15-16.) This argument misstates the ALJ's findings, however. The ALJ specifically addressed Ms. Desmond's treatment notes and found that they did not corroborate her opinion. AR at 851 (citing, "*e.g.*, [*id*. at 671-774]"). Plaintiff has not identified any of Ms. Desmond's treatment notes that do, in fact, support the limitations identified in the opinion, and thus has

ORDER - 6

failed to show that the ALJ erred in finding Ms. Desmond's opinion to be unsupported by her notes. To the extent that Plaintiff also relies on the testimony of Plaintiff's employer as support for Ms. Desmond's opinion (dkt. # 11 at 15 (citing AR at 280-81, 887-90)), Plaintiff's employer's testimony does not constitute objective medical evidence that could support a medical opinion. *See* 20 C.F.R. § 404.1520c(c)(1).

For these reasons, although the Court finds that the ALJ's consistency finding as to Ms. Desmond's opinion is erroneous, the Court finds no error in the ALJ's finding that Ms. Desmond's opinion was unsupported by clinical findings. Because the ALJ's supportability finding sufficiently explains why the ALJ found Ms. Desmond's opinion unpersuasive, the Court does not disturb the ALJ's assessment of this opinion. *See Woods*, 32 F.3d at 791-92 & n.4 (explaining that a valid finding of inconsistency is sufficient to affirm an ALJ's discounting of a medical opinion).

### 3. State Agency Opinions

The ALJ found the State agency medical opinions (AR at 66-80, 82-96) persuasive because they were consistent with the same normal objective findings he listed with respect to Ms. Desmond's opinion. AR at 851. As explained *supra*, these normal findings as to various body parts do not pertain to the limitations caused by Plaintiff's fibromyalgia pain. Even if, as the ALJ found (*id*.), a person with normal findings as to her heart, eyes, and skin could typically perform light work, those normal findings do not pertain to or contradict Plaintiff's central allegation of disabling pain. The ALJ's consistency finding isolates irrelevant physical findings without accounting for the records related to Plaintiff's pain, and thus fails to account for the context of the entire record. *See Reddick v. Chater*, 157 F.3d 715,722-23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of

ORDER - 7

materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record. We conclude that his approach and conclusions do not fully account for the nature of CFS and its symptoms.").

Furthermore, to the extent that the ALJ found the State agency opinions supported by references to objective findings, such objective findings are not particularly useful in determining the extent of fibromyalgia limitations. *See, e.g.*, *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (explaining that people experiencing fibromyalgia pain often have normal objective physical findings). Thus, the ALJ's supportability finding relies on evidence that is unrelated to Plaintiff's limitations based on pain and therefore does not account for the entire record.

Because the ALJ erred in discounting Plaintiff's testimony and in assessing the State agency medical opinions, the ALJ's decision must be reversed. Although Plaintiff requests, in the alternative, a remand for a finding of disability (dkt. # 11 at 18-19), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court remands this case for further administrative proceedings.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C.

ORDER - 8

1  § 405(g). On remand, the ALJ should reconsider Plaintiff's testimony and the State agency
2  medical opinions.[1]

   Dated this 21st day of June, 2022.

   MICHELLE L. PETERSON
   United States Magistrate Judge

---

[11] Although Plaintiff requests that the Court find error in the ALJ's step-one finding that she engaged in substantial gainful activity during the adjudicated period (dkt. # 11 at 16-18), the ALJ did not so find. Instead, the ALJ resolved step one in Plaintiff's favor, while expressing non-dispositive doubts as to whether her work activity was *not* substantial gainful activity. AR at 839-40. The Court declines to make step-one findings in the first instance or offer an advisory opinion as to the step-one finding to be entered on remand, in the absence of an allegation of a harmful step-one error in the ALJ's decision under review. (*See* dkt. # 11 at 16 ("While not harmful error in regard to these proceedings, [the step-one] issue should be resolved if Plaintiff's claim is remanded to avoid a future dispute.").)

ORDER - 9